**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Paúl Partida Lamadrid**,<br><br>Plaintiff,<br><br>vs.<br><br>**Support Maintenance Building LLC**, an Arizona Limited Liability Company, and **Eleazar Mora and Jane Doe Mora**, a married couple,<br><br>Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Paúl Partida Lamadrid ("Plaintiff"), sues the Defendants, Support Maintenance Building LLC, and Eleazar Mora and Jane Doe Mora ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act

-1-

("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5. This is an action for unpaid minimum wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages, liquidated damages, interest, attorneys' fees, and costs under the AMWA.

6. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of

the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

9. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pima County, Arizona, and is a former employee of Defendants.

10. At all material times, Defendant Support Maintenance Building LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Support Maintenance Building LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

11. At all relevant times, Defendant Support Maintenance Building LLC owned and operated as the "Support Maintenance Building," a company doing business in the Tucson Metropolitan Area that janitorial and custodial services for commercial properties.

12. Under the FLSA, Defendant Support Maintenance Building LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in

the interest of an employer in relation to an employee. At all relevant times, Support Maintenance Building LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant Support Maintenance Building LLC is subject to liability under the FLSA.

13. Defendants Eleazar Mora and Jane Doe Mora are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Eleazar Mora and Jane Doe Mora are owners of Defendant Support Maintenance Building LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Eleazar Mora and Jane Doe Mora are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Eleazar Mora and Jane Doe Mora had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Defendants' employees, Defendants Eleazar Mora and Jane Doe Mora are subject to individual liability under the FLSA.

15. Defendants, and each of them, are sued in both their individual and corporate capacities.

16. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

20. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

22. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

24. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

28. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

29. Defendant Support Maintenance Building LLC is an enterprise that that performs construction and steel erection services in the Tucson, Arizona, Metropolitan Area.

30. In or around March 2023, Plaintiff began working for Defendants as a custodian.

31. Plaintiff was compensated at an hourly rate of approximately $13.85 throughout his employment with Defendants.

32. Plaintiff worked for Defendants through approximately late May 2023.

33. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

34. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

35. Defendants controlled Plaintiff's schedules.

36. At all relevant times, Plaintiff was economically dependent on Defendants.

37. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants made the decision not to pay Plaintiff the wages complained of herein;

    c. Defendants supervised Plaintiff and subjected him to Defendants' rules;

    d. Plaintiff had no opportunity for profit or loss in the business;

    e. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

    f. Plaintiff was hired as a permanent employee, generally working in excess of 40 hours per week for approximately seven or eight workweeks;

    g. Plaintiff had no right to refuse work assigned to him by Defendants;

    h. On information and belief, Defendants did not allow Plaintiff to work for other competing companies.

38. During Plaintiff's employment with Defendants, Plaintiff typically worked approximately between 15 and 20 hours per week.

39. During Plaintiff's employment with Defendants, Plaintiff was typically paid on a monthly basis.

40. Plaintiff's final two workweeks took place during May 2023.

41. In his final two workweeks, Plaintiff worked approximately 30 hours total.

42. Defendants failed to compensate Plaintiff any wages whatsoever for his final two workweek for Defendants.

43. After his final workweek, Plaintiff contacted Defendants multiple times to try to get paid. In doing so, Plaintiff asked Defendants to provide his final paycheck. In response, Defendants stated that a check would be forthcoming. However, Defendants never paid Plaintiff in full for all wages he earned.

44. To date, Plaintiff still has not been paid for such work performed for Defendants.

45. As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked in his final two workweeks.

46. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

47. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

48. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

49. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

50. Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

51. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

53. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. As a result of failing to compensate Plaintiff any wages whatsoever for his final two workweeks with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

58. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

59. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Paúl Partida Lamadrid, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT
FAILURE TO PAY MINIMUM WAGE**

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. As a result of failing to compensate Plaintiff any wages whatsoever for his final two workweeks with Defendants, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

62. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

63. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Paúl Partida Lamadrid, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 18th day of July 2023.

                                      BENDAU & BENDAU PLLC

                                      By: /s/ *Clifford P. Bendau, II*
                                      Christopher J. Bendau
                                      Clifford P. Bendau, II
                                      *Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Paúl Partida Lamadrid, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Paúl Partida Lamadrid (Jul 18, 2023 21:42 PDT)
Paúl Partida Lamadrid